Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 3879 | **DATE** | 12/10/2003 |
| **CASE TITLE** | MERLIN A. BOHSE vs. METROPOLITAN WATER RECLAMATION DIST | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due ___.
(3) ☐ Answer brief to motion due ___. Reply to answer brief due ___.
(4) ☐ Ruling/Hearing on ___ set for ___ at ___.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on ___ set for ___ at ___.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on ___ set for ___ at ___.
(7) ☐ Trial[set for/re-set for] on ___ at ___.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to ___ at ___.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
     ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   **Defendant's motion (11-1) to dismiss is granted.**

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | DEC 1 6 2003 | |
| | Notified counsel by telephone. | date docketed | 15 |
| ✓ | Docketing to mail notices. | *AR* | |
| ✓ | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| DW | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MERLIN A. BOHSE,

Plaintiff,

v.

METROPOLITAN WATER
RECLAMATION DISTRICT OF
GREATER CHICAGO,

Defendant.

No. 03 C 3879
Judge James B. Zagel

# MEMORANDUM OPINION AND ORDER

Plaintiff Merlin A. Bohse filed suit alleging retaliation and discrimination under Title VII and the Age Discrimination in Employment Act. Bohse is a civil engineer employed by Defendant Metropolitan Water Reclamation District of Greater Chicago ("District"). Bohse alleges that the District has retaliated against him for making several charges of discrimination between December 28, 1995 and February 25, 2003. The discrimination charges made by Bohse include claims filed with the EEOC and two complaints filed in Federal Court. The alleged acts of discrimination and retaliation are as follows: (1) discrimination based on race and/or other considerations that led to "lesser qualified persons" being promoted, (2) exclusion from competing in a July 1997 promotional examination for principal civil engineers, (3) exclusion from competing in a June 2001 open examination for supervising civil engineers, and (4) diminution of district car status from a class II to a class III vehicle.

The District now moves to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6). A motion to dismiss under Rule 12(b)(6) is proper where it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim, which would entitle him to relief. *Conley v.*



*Gibson*, 355 U.S. 41, 45-46 (1957). In reviewing a motion to dismiss, the court must construe all allegations in the complaint in the light most favorable to the plaintiff and accept all well-pleaded facts and allegations as true. *Bontkowski v. First Nat'l Bank*, 998 F.2d 459, 461 (7th Cir. 1993).

The District argues that the allegations regarding the promotion of "lesser qualified persons," the exclusion from the promotional exam in July 1997, and the exclusion from the open examination for supervising civil engineers in June 2001 should be dismissed as untimely. A Title VII complainant is required to file any charges with the EEOC within 300 days of the discriminatory action. *Marlowe v. Bottarelli*, 938 F.2d 807, 813 (7th Cir. 1991). With the exception of the change of car status, the alleged acts of retaliation occurred more than 300 days before Bohse's February 25, 2003 EEOC charge was filed.

Bohse argues that since the violations have been continuing, they are not timebarred. To support this argument, Bohse relies on *Jones v. Merchants Nat'l Bank & Trust Co.*, 42 F.3d 1054, 1058 (7th Cir. 1994), which allowed time extension under three theories for continuing violations. Bohse attempts to apply two of those theories to his case. In *Jones*, the 7th Circuit did allow time extensions when "the employer's decision-making process takes place over a period of time, making it difficult to determine the actual date of the allegedly discriminatory act" and when "an employer covertly follows a practice of discrimination over a period of time." *Id.* However, these theories simply do not apply here. The promotion of "lesser qualified persons" and the exclusions from the July 1997 and June 2001 examinations were neither part of a decision-making process that took place over a period of time such that the actual date of discrimination was difficult to determine nor were they covert. Since there are no legal grounds for extending the 300 day time limit, I find these claims should be dismissed as untimely.

2

The District also argues that all claims except the change of car status claim should be dismissed because they are not like or reasonably related to Bohse's February 25, 2003 EEOC charge. As a general rule, "a Title VII plaintiff may bring only those claims that were included in her EEOC charge" or that are like or reasonably related to those EEOC allegations. *McKenzie v. Illinois DOT.*, 92 F.3d 473, 481 (7th Cir. 1996). Plaintiff's February 25, 2003 EEOC charge lists only one act of retaliation - the change in car status. I agree with The District and find these claims should be dismissed for this reason as well.

This leaves only Bohse's claim that the District retaliated against him by changing the status of his company car from class II to class III. The District argues this claim should be dismissed because the change in Bohse's car class status cannot be considered as an adverse employment action. One element an employee must prove to establish a *prima facie* case of retaliation is that he suffered a materially adverse employment action. *Hilt-Dyson v. City of Chicago*, 282 F.3d 456, 465 (7th Cir. 2002). The Seventh Circuit has stated "not everything that makes an employee unhappy is an actionable adverse action." *Smart v. Ball State Univ.*, 89 F.3d 437, 441 (7th Cir. 1996). An adverse employment action is one that is materially adverse, "meaning more than a mere inconvenience or an alteration of job responsibilities." *Hilt-Dyson* 282 F.3d at 465. While an adverse employment action does not have to include a loss of monetary benefits, *Collins v. Illinois*, 830 F.2d 692, 703 (7th Cir. 1987), the change must have a drastic effect on the employee's future opportunities. *Herrnreiter v. Chi. Hous. Auth.*, 315 F.3d 742, 744 (7th Cir. 2002).

The change in car status from a class II to a class III resulted in Bohse having to leave the company car at work and use his personal car to travel back and forth from home. Bohse himself

3

refers to the use of the company car as a "perquisite" (Comp. ¶ 27) tending to show the use of the District car is a perk and not a right or a necessity. Even with the change in car status, Bohse is still allowed to use a company car to perform his job duties. Although this change may be inconvenient for Bohse, it did not affect his job responsibilities, pay, benefits, or his future opportunities. Therefore, I find the change in car status does not amount to adverse employment action and should be dismissed.

For the aforementioned reasons, defendant's motion to dismiss is GRANTED.

ENTER:

James B. Zagel
United States District Judge

DATE: 10 Dec 2003

4